Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| RICARDO MACHADO MARISCAL DE GANTE Y OTROS<br><br>Recurridos<br><br>v.<br><br>NORMA MACHADO ORTIZ Y OTROS<br><br>Peticionarios | TA2026CE00749 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV00330<br><br>Sobre: Remoción de Ejecutor Testamentario; Remoción de Ejecutor Testamentario Sustituto; Nombramiento de Albacea, Petición de Administración Judicial; Partición de Herencia Sucesión Richard Machado González; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

*Martínez Cordero, jueza ponente*

**RESOLUCION**

En San Juan, Puerto Rico, a 15 de junio de 2026.

Comparece Norma Machado Ortiz (en adelante, peticionaria) mediante un recurso de *certiorari* para solicitarnos la revisión de *Orden* emitida el 11 de marzo de 2026, y notificada al día siguiente por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[1] Mediante la *Orden* recurrida, el tribunal inferior declaró *No Ha Lugar* la solicitud para venta del estacionamiento ubicado en el Condominio Bayamón Medical Plaza, en esta etapa de los procedimientos.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *certiorari.*

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 349.

I

Comenzamos por mencionar que esta es la *tercera* ocasión en que este Tribunal de Apelaciones recibe un recurso apelativo en el caso de marras. A tenor, nos circunscribiremos a los eventos procesales atinentes a la controversia ante nuestra consideración.[2]

Según se desprende de los autos, el presente caso inició cuando el 23 de enero de 2025, los hermanos Ricardo, María Teresa y María del Mar, todos de apellido Machado Mariscal de Gante del título presentaron una *Demanda* contra la peticionaria y Ricardo Felipe Machado Ortiz, quienes son hermanos; y contra Norma Aecia Ortiz Colón, Richard Machado Ortiz, María de los A. Machado Luna y Caridad Primola Galindo, sobre remoción de ejecutor testamentario; remoción de ejecutor testamentario sustituto; nombramiento de albacea; petición de administración judicial; partición de herencia en cuanto a la sucesión de Richard Machado González (Causante); y daños y perjuicios.[3]

En el pliego se solicitó al tribunal de instancia, entre múltiples reclamos, que se emitiera una orden contra la peticionaria, para paralizar su autoridad como albacea y ejecutora testamentaria mientras se disponía del pleito. De igual forma, se solicitó que una vez removida a la peticionaria como ejecutora testamentaria, se dispusiera que el señor Ricardo Felipe Machado era incapaz de sustituirla por entender que existía conflicto de interés, por lo que se debía nombrar a una persona independiente e imparcial para ocupar la función de albacea, administrador judicial y contador partidor.

Acaecidos varios trámites innecesarios pormenorizar, y en etapa de descubrimiento de prueba, el 20 de febrero de 2026, la

---

[2] El *primer* recurso apelativo fue presentado en el alfanumérico TA2025CE00928, mientras que el *segundo* fue presentado en el TA2026CE00315.
[3] SUMAC TPI, a la Entrada Núm. 1.

peticionaria instó una *Solicitud de autorización para venta del estacionamiento #18 de Bayamón Medical Plaza.*[4] En esencia, solicitó al foro de instancia una autorización para vender el estacionamiento Núm. 18, ubicado en el Condominio Bayamón Medical Plaza en Bayamón, Puerto Rico, bien perteneciente a la Sucesión Richard Machado González y a su viuda, la señora Norma Ortiz Colón.

En respuesta, mediante *Orden* emitida y notificada el 23 de febrero de 2026, el tribunal de instancia concedió término a las partes para que mostraran causa por la cual no debía concederse el remedio de lo solicitado.[5]

Con la finalidad de cumplir con lo ordenado, el 25 de febrero de 2026, Caridad Galindo Primola y María de los Ángeles Machado Luna presentaron un escrito allanándose a lo solicitado por la peticionaria.[6] Por otro lado, el 27 de febrero de 2026, Ricardo Felipe Machado Ortiz presentó un escrito mediante el cual también se allanó a lo solicitado por la peticionaria.[7] Luego, el 6 de marzo de 2026, los hermanos Machado Mariscal de Gante presentaron oposición a la solicitud de autorización presentada por la peticionaria.[8] Alegaron la posible invalidez del relevo de herencia emitido por el Departamento de Hacienda, sostuvieron que la transacción peticionada era prematura y propusieron en su lugar, que se gestionara un arrendamiento con opción a compra. De los autos no pudimos constatar que Richard Machado Ortiz ni la señora Norma Aecia Ortiz Colón no presentaron objeción alguna.

En respuesta a lo solicitado, mediante *Orden* emitida el 11 de marzo de 2026, y notificada al día siguiente, el tribunal inferior

---

[4] SUMAC TPI, a la Entrada Núm. 329.
[5] *Íd.,* a la Entrada Núm. 331.
[6] *Íd.,* a la Entrada Núm. 334.
[7] *Íd.,* a la Entrada Núm. 341.
[8] *Íd.,* a la Entrada Núm. 346.

declaró *No Ha Lugar* la solicitud para venta del estacionamiento, en esta etapa de los procedimientos.[9]

Tras haber quedado inconforme con lo resuelto, el 27 de marzo de 2026, la peticionaria presentó una solicitud de reconsideración,[10] la cual fue denegada mediante *Resolución* emitida el 10 de abril de 2026, notificada el día 12 del mismo mes y año.[11]

En desacuerdo, el 11 de junio de 2026, compareció la peticionaria mediante un recurso de *certiorari* en el cual alzó el siguiente señalamiento de error:

> ERRÓ EL TPI AL DENEGAR LA VENTA DEL ESTACIONAMIENTO, CON EL EFECTO DE REMOVER DE FACTO A LA EJECUTORA UNIVERSAL DEL EJERCICIO DE SUS FUNCIONES TESTAMENTARIAS, IMPIDIÉNDOLE ADMINISTRAR DEBIDAMENTE EL CAUDAL HEREDITARIO Y SUSTITUYENDO EL JUICIO DE ÉSTA POR EL SUYO, SIN CONTAR CON UN FUNDAMENTO VÁLIDO, SIN CELEBRAR UNA VISTA EVIDENCIARIA Y SIN EL DEBIDO PROCESO DE LEY.

Conforme a la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene "la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[12] En consideración a lo anterior, luego de haber examinado la totalidad de los autos ante nos, hemos colegido eximir a la parte recurrida de presentar escrito en oposición al recurso de *certiorari* ante nos.

## II

### A. Expedición del Recurso de *Certiorari*

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[13] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el

---

[9] SUMAC TPI, a la Entrada Núm. 349.
[10] *Íd.,* a la Entrada Núm. 352.
[11] *Íd.,* a la Entrada Núm. 381.
[12] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág.15, 215 DPR __ (2025).
[13] 32 LPRA Ap. V, R. 52.1.

recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[14]
>
> [...].[15]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari.*
>
> [...].[16]

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[17] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[18] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para

---

[14] 32 LPRA Ap. V, R. 52.1.
[15] *Íd.*
[16] 32 LPRA Ap. V, R. 52.2.
[17] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).
[18] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).

llegar a una conclusión justiciera".[19] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[20] Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [21]

De otro lado, el Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[22] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en

---

[19] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[20] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.
[21] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[22] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).

un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[23]

Finalmente, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[24]

III

En el presente recurso la peticionaria esgrime que el foro de instancia erró al denegar la solicitud para vender el estacionamiento ubicado en Bayamón Medical Plaza, esbozando que lo actuado tiene el efecto de remover de facto a la peticionaria como ejecutoria universal, impidiéndole administrar debidamente el caudal hereditario y sustituyendo su juicio por el del Tribunal. Lo anterior, sin haberse fundamentado, sin haberse celebrado vista y en violación al debido proceso de ley.

Según reseñamos, el c*ertiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[25] A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Sin embargo, esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones,[26] así como en lo dispuesto por la Regla 52.1 de Procedimiento Civil.[27]

---

[23] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[24] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).
[25] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[26] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[27] 32 LPRA Ap. V, R. 52.1.

Tras evaluar minuciosamente el recurso presentado por la peticionaria, es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* al amparo de las Regla 52.1 de Procedimiento Civil,[28] ni de la Regla 40 del Reglamento del Tribunal de Apelaciones.[29] Los señalamientos de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Además, razonamos que la peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa en esta etapa de los procedimientos, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia.

Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida. No obstante, le recordamos a las partes que una denegatoria de expedición de un auto de *certiorari* no constituye una adjudicación en los méritos en lo relativo a la controversia planteada.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[28] 32 LPRA Ap. V, R. 52.1.
[29] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.